IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Elizabeth Carrizal
    Plaintiff,

v.                                              Cause No. 3:23-cv-00343-DCG

Texas Health and Human Services Commission
    Defendant.

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Elizabeth Carrizal ("Employee Carrizal" or "Requesting Party") now files this Reply concerning Plaintiff's Motion to Compel Defendant, Texas Health and Human Services Commission ("Employer Texas Health and Human Services Commission" or "Withholding Party") to respond Adequately to Discovery and shows as follows:

I. A PLEDGE TO TURN OVER DOCUMENTS IN THE FUTURE IS NOT AN ACCEPTABLE RESPONSE TO A REQUEST FOR DISCOVERY.

In conferring on this discovery request, Defendant has <u>never</u> said it is "not aware of any additional witness statements to produce related to her complaint of harassment" (ECF No. 38 at ¶ 4) until so stating in its Response to Plaintiff's Motion to Compel. *Id.* The Defendant's response goes on to state that "[s]hould [Defendant] discover any additional witness statements relevant to the allegations in this case through its diligent efforts during discovery, [Defendant] will promptly produce such statements." *Id.* at ¶ 4.

An open ended pledge to turn over discovery on some *future date* is not a complete answer as required by Federal Rule of Civil Procedure 34(b). *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 246 (M.D.N.C. 2010) ("Furthermore, the promise to continue to search for records

and supplement [one's] responses in the future, is **a completely inadequate response to a long standing discovery request**....") (Internal citation omitted).

Rule 34 requires the Defendant to not merely diligently search for the records and produce them at some future date when and if they are located. "All responses must clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same. The production must occur "**no later than the time for inspection specified in the request or another reasonable time specified in the response**.") *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 67 (E.D. La. 2024), *review denied sub nom. Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore Pte Ltd*, No. CV 22-4561, 2024 WL 5086077 (E.D. La. Dec. 12, 2024)(citing Fed. R. Civ. P. 34).

Plaintiff requests that this Honorable Court order the Defendant to make itself aware of whether or not these witness statements exist, and comply with its obligation under Rule 34 by promptly producing any and all documents responsive to Plaintiff's requests; specifically any witness statements collected in reference to Plaintiff's complaints. *See* Exhibit A from Plaintiff's Motion to Compel, Plaintiff's Request for Production, at Request for Production 1(t) and Request for Production 2(t) ("Without wiping out or deleting source media and metadata, produce all of Defendant's files and subfiles, documents and electronic information which are kept and maintained on Elizabeth Carrizal ("Plaintiff ") in native electronic file formats and as kept in the usual course of business, as follows: ... t. all witness statements taken concerning Plaintiff during all investigations about Plaintiff's reports and complaints during Plaintiff's employment with Defendant.")[1]

---

[1] Request for Production 1(t) and 2(t) request the same information, in electronically stored format and physical format, respectively.

II. GENERAL OBJECTIONS, OR RESPONSES "SUBJECT TO" AN OBJECTION, ARE DISFAVORED AND LEAVE THE PLAINTIFF UNCERTAIN ABOUT WHAT INFORMATION HAS ACTUALLY BEEN WITHHELD AND WHY.

Plaintiff initially requested these witness statements on **August 3, 2024**. Defendant's response, Exhibit B from Plaintiff's Motion to Compel, begins with a general boilerplate objection purportedly applicable to each individual discovery request from Plaintiff. Exhibit B from Plaintiff's Motion to Compel at pages 1-3. Defendant's response to Plaintiff's specific request at 1(t) and 2(t) also comes subject to multiple objections, leaving Plaintiff uncertain as to whether the requested documents exist and, if so, whether they were produced. Exhibit B at pages 4-5, 6-7.

Courts across the Fifth Circuit and the country have derided the practice of lodging General Objections, to which all purported responses are subject. In *Weems v. Hodnett,* a district court explained that

> General objections such as the ones asserted by [Defendant] are meaningless and constitute a waste of time for opposing counsel and the court. **In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple 'general objections' are incorporated into many of the responses with no attempt to show the application of each objection to the particular request.**

No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011) (emphasis added). The court went on to determine that

> Plaintiff's general objections violate the letter and spirit of Rule 26(g). Plaintiff made no attempt to explain the applicability of the general objections to the discovery requests. In every response, Plaintiff asserted a general objection for privileged or proprietary information, yet Plaintiff does not explain (in a privileged document log or otherwise) what, if any, information was withheld.

*Id.* at *2. Another court took a similarly dim view of such discovery practices. In *Sonnino v. Univ. of Kan. Hosp. Auth.*, the court explained that it

> disapproved [of] the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery." This Court has characterized these types of objections as "worthless for anything beyond delay of the discovery." Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes "'no meaningful effort to show the application of any such theoretical objection' to any request for discovery." Thus, this Court has deemed such "ostensible" objections waived, or declined to consider them as objections.

221 F.R.D. 661, 666-67 (D. Kan. 2004).

The Fifth Circuit has also weighed in on these abusive discovery tactics pertaining to specific objections to individual requests, describing them as "an all-too-common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system." *McLeod, Alexander, Powel Apffel, v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (holding that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection"). *See also Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 356 (D. Md. 2008) ("[T]he failure by the Defendants to particularize their objections to Plaintiffs' discovery requests suggested a probable violation of Fed.R.Civ.P. 26(g)(1) (failure to conduct a "reasonable inquiry" before objecting to an interrogatory or document request)."). Defendant's objections likewise fail for these same reasons.

Rule 26(g)(1) requires that every discovery disclosure, request, response, or objection must be signed, and that signature certifies that to the best of the person's knowledge, information, and belief, **formed after a reasonable inquiry**,

> the disclosure is complete and correct, and that the discovery request, response or objection is: (a) consistent with the rules of

> procedure and warranted by existing law (or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law); (b) is not interposed for any improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); and (c) is neither unreasonable nor unduly burdensome or expensive, (considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action).

Fed.R.Civ.P. 26(g)(1)(A), (B)(i)-(iii). If a lawyer or party makes a Rule 26(g) certification that violates the rule, without substantial justification, the court (on motion, or sua sponte) must impose an appropriate sanction, which may include an order to pay reasonable expenses and attorney's fees, caused by the violation. Fed.R.Civ.P. 26(g)(3).

Here, Defendant's general objections purportedly applying to all responses, and Defendant's responses to Requests 1(t) and 2(t) subject to objections, leave the Plaintiff uncertain as to whether the documents requested have been produced, or whether they are shielded behind Defendant's objection. *See Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, No. 3:17-CV-2719-B, 2018 WL 3655574, at *18 (N.D. Tex. July 16, 2018) (**"The failures to follow the Federal Rules' requirements for specificity in objecting and responding and answering, and answering or responding "subject to and without waiving objections," are practices that attorneys must stop, as the undersigned and many other judges in this circuit and elsewhere have now made clear for several years."**) (Citing 34 different cases for this proposition) (emphasis added).

The El Paso Division of the Western District of Texas is not immune to this sort of discovery practice; courts in this district have similarly made clear that "reflexively" objecting in this manner is "manifestly confusing at best and misleading at worst." *See Blair v. Pride Indus., Inc.*, No. EP14CV00183DCGRFC, 2015 WL 10818665, at *1 (W.D. Tex. July 17, 2015) (Castaneda, J.) ("Responding to requests for production "subject to" and or "without waiving objections" is

manifestly confusing at best and misleading at worst. *Id*. The responding party has the burden of responding to the requests to the extent the requests are not objectionable and must explain the extent to which such request is overbroad, irrelevant, unduly burdensome, or otherwise objectionable so that both the requesting party and the court can determine the scope of what has been produced and what may remain to be produced if such objections are overruled. *Id*., at 24. Rule 26(g) was enacted "to bring an end to the ... abusive practice of objecting to discovery requests reflexively–but not reflectively–and without factual basis." *Heller*, 303 F.R.D. at 487 (quoting *Mancia v. Mayflower Textile Svs. Co.*, 253 F.R.D. 354, 358 (D.Md.2008)).").

Simply put, given Defendant's responses to Plaintiff's discovery requests, and Defendant's failure to respond to Plaintiff's specific questions about these documents, *see* Exhibit C from Plaintiff's Motion to Compel at 1-2 (unpaginated), Plaintiff has no idea if these documents are hiding behind one of Defendant's general, nonspecific objections. *See Blair*, *supra. See also Goodyear, supra.* at 69 ("Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.").

III. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Honorable Court overrule Defendant's objections and compel it to respond adequately to discovery by producing the material Plaintiff seeks, that the court award Plaintiff attorney's fees, and such other and further relief to which she is justly entitled, in law and in equity, because:

1. Defendant cannot respond to a discovery request that production may come at a future date uncertain; and

2. Defendant's general objections and responses "subject to" objections, a discovery practice that has been criticized by dozens of courts in this circuit and across the country, leave the Plaintiff uncertain as to whether or not the requested documents have been produced.

**SIGNED** on this 12th day of March, 2025.

          Respectfully submitted,

          **Chavez Law Firm**
          2101 N. Stanton Street
          El Paso, Texas 79902
          (915) 351-7772

By: _____
          **Enrique Chavez, Jr.**, State Bar No. 24001873
          enriquechavezjr@chavezlawpc.com
          **Michael Anderson**, State Bar No. 24087103
          manderson@chavezlawpc.com
          **Michael M. Osterberg**, State Bar No. 24108991
          mikeosterberg@chavezlawpc.com
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's e-filing system.

_____
Michael M. Osterberg