IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ELIZABETH CARRIZAL,<br>*Plaintiff*, | § § § | |
| v. | § § | EP-23-CV-00343-DCG |
| STATE OF TEXAS—HEALTH AND<br>HUMAN SERVICES COMMISSION,<br>*Defendant*. | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Elizabeth Carrizal's "Motion to Compel Discovery from Defendant" ("Motion") (ECF No. 33), filed on March 3, 2025. Senior United States District Judge David C. Guaderrama referred the motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

Plaintiff filed suit against Defendant, her former employer, alleging that she faced sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Pl.'s First Am. Compl. & Jury Demand ¶¶ 38–40, ECF No. 21. Plaintiff served discovery requests on Defendant on August 3, 2024. *See* Mot. Ex. A, at 1, ECF No. 33-1. Among Plaintiff's requests for production was a request for "all witness statements taken concerning Plaintiff during all investigations about Plaintiff's reports and complaints during Plaintiff's employment with Defendant." *Id.* at 10.

After some delay involving filing a protective order with the District Court, Defendant provided discovery to Plaintiff on February 18, 2025. Mot. 2, ECF No. 33; *see also* Mot. Ex. C, ECF No. 33-3. Plaintiff argues that the discovery provided does not include "witness statements

associated with investigations in complaints *by* the Plaintiff." Mot. 2.  Defendant, however, argues that it "has already produced its entire file related to Plaintiff's complaint of harassment, . . . including witness statements.  [Defendant] is not aware of additional witness statements to produce related to her complaint of harassment. . . .  Should [Defendant] discover any additional witness statements relevant to the allegations in this case through its diligent efforts during discovery, [Defendant] will promptly produce such statements to Plaintiff."  Def.'s Resp. Pl.'s Mot. Compel Disc. Def. 2, ECF No. 38.

In her reply, Plaintiff argues that "[a]n open ended pledge to turn over discovery on some *future date* is not a complete answer as required by Federal Rule of Civil Procedure 34(b)."  Pl.'s Reply Def.'s Resp. Pl.'s Mot. Compel Disc. Def. 1, ECF No. 39.  However, Plaintiff does not address Defendant's statement that it has already produced all witness statements taken in the course of Defendant's investigations into complaints made by Plaintiff.  If Defendant has already turned over all of the responsive documents that it has, the Court cannot order it to turn over more. The Court interprets Defendant's statement about "additional witness statements" as a reference to Defendant's duty to supplement its responses with any newly discovered information, rather than as a way to dodge Plaintiff's discovery requests.  *See* Fed. R. Civ. P. 26(e)(1) ("A party who . . . has responded to . . . [a] request for production . . . must supplement . . . its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete . . . .").

Further, the Court notes that Plaintiff did not include a statement "within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certif[ying] the specific reason that no agreement could be made."  W.D. Tex. Civ. R. 7(g).  This is required by the Local Rules of the Western District of Texas for all nondispositive

motions, like a motion to compel. *Id.*; *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (citing a discovery motion as an example of a non-dispositive motion). Plaintiff provides no statement that her counsel met and conferred with Defendant's counsel after February 18, when the discovery that Plaintiff's counsel considers deficient was provided. The Court notes that Plaintiff's motion contains an exhibit showing that Plaintiff's counsel emailed Defendant's counsel twice about the allegedly missing witness statements, and Defendant's counsel appears not to have responded. *See* Mot. Ex. C, at 1. This alone is not enough to satisfy the conference requirement. "To 'confer' means that the parties must have enough two-way communications to discuss, deliberate, or compare views on any issues necessary to resolve the dispute. . . . To that end, parties flout Local Rule CV-7(g) when they file non-dispositive motions after, for example, only communicating through one-way letters or emails . . . ." *Perkins v. U.S. Parcel Serv. of Am., Inc.*, No. EP-23-CV-258-KC, 2024 WL 1493808, at *1 (W.D. Tex. Apr. 5, 2024).

The Court is aware that Defendant's counsel is out on parental leave. *See* Advisory to the Ct., ECF No. 34. However, Defendant's counsel being gone on parental leave does not mean that other counsel for Defendant cannot handle this matter. *See* Order Setting Deadline Def. Respond Pl.'s Mot. Compel 1, ECF No. 35 (Defendant's counsel did not "explain why another attorney in the Attorney General's office cannot handle the case while she is on leave."); Def.'s Resp. Pl.'s Mot. Compel Disc. Def. (filed by other counsel for Defendant). Discovery in this case is not set to be completed until September 22, 2025, and all discovery-related motions must be filed by September 30, 2025. Order Granting Def.'s Mot. Continuance & Am. Scheduling Order 2, ECF No. 30. Thus, there is not a pressing deadline in this case and no reason that this motion had to be filed immediately, without taking time to confer.

Accordingly, the Court **DENIES** Plaintiff Elizabeth Carrizal's Motion to Compel Discovery from Defendant (ECF No. 33) **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a copy of this order shall be emailed by the Clerk of the Court to lashanda.green@oag.texas.gov.

**SIGNED** this 25th day of March, 2025.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**