**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ELIZABETH CARRIZAL,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **EP-23-CV-00343-DCG** |
| | § | |
| **STATE OF TEXAS – HEALTH AND** | § | |
| **HUMAN SERVICES COMMISSION,** | § | |
| *Defendant.* | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant Health and Human Services Commission's "Motion to Compel Discovery" ("Motion") (ECF No. 45), filed on July 21, 2025. Senior United States District Judge David C. Guaderrama referred the motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. For the reasons set forth below, the Motion is **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND

On September 12, 2023, Plaintiff Elizabeth Carrizal filed suit against Defendant, her former employer. Pl.'s Original Compl. & Jury Demand, ECF No. 1. Plaintiff sets forth claims for sexual discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964. *See* Pl.'s First Am. Compl. & Jury Demand ¶¶ 13, 38–40 [hereinafter "Am. Compl."], ECF No. 21.

Defendant submitted its first set of interrogatories and requests for production to Plaintiff on January 28, 2025. Mot. 1–2. Plaintiff provided her interrogatory answers and production responses on February 27, 2025. *Id.* at 2; *see also* Mot. Ex. A, Pl.'s Answers to Def.'s First Set Interrogs. to Pl. [hereinafter "Interrog. Answers"], ECF No. 45-1; Mot. Ex. B, Pl.'s Resps. to Def's First Set Reqs. Produc. Docs. to Pl. [hereinafter "Produc. Resp."], ECF No. 45-2. On June 26,

2025, Defendant sent a letter to Plaintiff's counsel in an attempt to confer on the deficiencies in Plaintiff's responses. Mot. at 2 (citing Mot. Ex. C, ECF No. 45-3). Defendant did not receive a response. *Id.* Defendant filed the instant motion to compel on July 21, 2025. *Id.* Counsel for both parties subsequently met and conferred on July 22, 2025. *See* Pl.'s Resp. Def.'s Mot. Compel 1 [hereinafter Resp.], ECF No. 47; Def.'s Reply Supp. Mot. Compel Disc. 1 [hereinafter Reply], ECF No. 49.[1]

In her response, Plaintiff stated she intended to supplement her answers to Request for Production Nos. 1–6, 8–10, 12, and 14–17 and Interrogatory Nos. 6–7, 20, and 21 by August 1, 2025. Resp. 1–2. Plaintiff submitted supplemental responses to Defendant's requests for production on August 1, 2025. *See* Reply Ex. D, Pl.'s First Suppl. Resp. Def.'s First Set Reqs. Produc. Docs. Pl. [hereinafter "Suppl. Resp."], ECF No. 49-1. The record does not indicate that Plaintiff provided any supplemental answers to Defendant's interrogatories.

## II.    STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery request must be proportional to the needs of the case, in view of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The court must limit discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* at 26(b)(2)(C)(iii).

---

[1] The Court notes that the parties did not confer before Defendant filed its motion. However, given that the parties have since met and conferred, the Court chooses not to exercise its discretion to deny the motion. *See* W.D. Tex. Civ. R. 7(G) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement. . . .").

However, "[i]nformation within t[he] scope of discovery need not be admissible in evidence to be discoverable." *Id.* at 26(b)(1).

"[A] party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 574 (N.D. Tex. 2018) (citing Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv)) (further citation omitted). "[U]nless the relevancy of a discovery request is facially clear, . . . the movant (*i.e.*, the party seeking discovery) must specifically articulate why the request is relevant to the claims or defenses in the case . . . ." *El Paso Disposal, LP v. Ecube Labs Co.*, No. EP-24-CV-00097-KC, 2024 WL 4806498, at *3 (W.D. Tex. Nov. 15, 2024) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982); *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-CV-596-RP, 2019 WL 13159727, at *1 (W.D. Tex. Sept. 17, 2019)). Further, "even if certain discovery requests seek irrelevant information or materials, the party resisting discovery 'must have a valid objection to each one in order to escape the production requirement' . . . and show specifically how each request is not relevant or otherwise objectionable." *Carr v. State Farm Mut. Auto. Ins.,* 312 F.R.D. 459, 464 (N.D. Tex. 2015) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990*)*).

## III.    DISCUSSION

Defendant asks the Court to overrule Plaintiff's objections and order Plaintiff to supplement her responses to Interrogatory Nos. 2–7, 9–11, and 13–22 and Request for Production Nos. 1–6, 8–12, 14–28, and 30. *See* Mot. Defendant further requests that the Court order Plaintiff to pay expenses associated with the motion pursuant to Fed. R. Civ. P. 37(a)(5). *Id.*

## A.  Interrogatory Nos. 2–7, 9–11, and 13–22

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  *Id.* at 33(b)(3).  Grounds for all objections to interrogatories "must be stated with specificity," and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  *Id.* at 33(b)(4).  An objection not stated with specificity may be considered waived.  *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358–59 (D. Md. 2008) (collecting cases).

### 1.  *Interrogatory No. 2*

Interrogatory No. 2 asks Plaintiff to identify all email and social media accounts she has used in the past five years.  *See* Interrog. Answers 2.  Plaintiff did not provide the requested information, objecting to the interrogatory as (1) irrelevant, (2) vague, (3) overbroad, and (4) an invasion of privacy.[2]  *See id.*

First, the Court does not agree with the Plaintiff's argument that "social media accounts which never posted anything about 'occurrences made the basis of this lawsuit' are wholly irrelevant." Resp. 3.  Instead, the Court finds that information regarding Plaintiff's email addresses and social media account names is relevant because it would enable the Defendant to search for relevant posts on social media and identify Plaintiff on email correspondence.  *See* Mot. 4.

Second, the Court overrules Plaintiff's objection that the temporal scope of the request is "overbroad" because it covers a period of time predating Plaintiff's employment with the

---

[2] Plaintiff objected to multiple interrogatories and requests for production as "not reasonably calculated to lead to the discovery of admissible evidence."  *See* Interrog. Answer.; Produc. Resp.  However, the Federal Rules have not provided for such an objection in nearly a decade.  *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment; *Crum & Forster Specialty Ins. Co. v. Great W. Cas. Co.,* No. EP-15-CV-00325-DCG, 2016 WL 10459397, at *4 n.5 (W.D. Tex. Dec. 28, 2016).  To the extent that Plaintiff objected to Defendant's discovery requests on such grounds, the Court overrules Plaintiff's objections.

Defendant.  *See* Interrog. Answers 2; Response 2.  While "[t]here is no set formula to determine how many years of information is reasonable," *Browning v. Sw. Rsch. Inst.*, No. SA-05-CA-0245-FB, 2006 WL 8434146, at *2 (W.D. Tex. Apr. 26, 2006) (citing *Breon v. Coca–Cola Bottling Co. of New England*, 232 F.R.D. 49, 50 (D. Conn.2005)), courts "commonly extend the scope of discovery [in employment discrimination lawsuits] to a reasonable number of years both prior to and following [the liability period]," *id.* (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004); *Beasley v. First Am. Real Estate Info. Services, Inc.*, 2005 WL 1017818, at *1 (N.D. Tex. 2005)).  Given the Defendant's intended use and the relatively low cost of producing the requested information, the Court finds that the breadth of the interrogatory is reasonable and appropriate.

Third, the Court overrules Plaintiff's objection that the request is "vague."  Interrog. Answers 2.  "[A] party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity ... [and] must explain the specific and particular way in which a request is vague." *Baker v. Walters*, 652 F. Supp. 3d 768, 780 (N.D. Tex. 2023) (quoting *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021)).  The Court finds that Plaintiff failed to sufficiently explain the manner in which the request was ambiguous.  *See* Interrog. Answers; Resp. 2–3. As such, the Court does not find that the objection is justified.

Fourth, the Court does not find that Defendant's request constitutes "an invasion of Plaintiff's privacy."  Interrog. Answers 2.  Courts have routinely held that content contained in social networking sites is "neither privileged nor protected by any right of privacy." *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 591 (N.D. Tex. 2016) (citing *Johnson v. PPI Tech. Servs.*, L.P., No. 11-2773, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013); *Moore v. Wayne Smith Trucking Inc.*, No. Civ. A. 14-1919, 2015 WL 6438913, at *2 (E.D. La. Oct. 22, 2015)).  While

courts have declined to grant movants "unfettered access to an opponent's social networking communications" through "extremely broad request[s] for *all* social media site content," *id.* (citing *Moore*, 2015 WL 6438913, at *3) (emphasis added), no such intrusion exists here, where Defendant seeks only email addresses and social media usernames.

Accordingly, the Court overrules Plaintiff's objections and orders Plaintiff to answer Interrogatory No. 2.

## 2. *Interrogatory Nos. 3, 4, 5, 6, and 10*

Plaintiff did not object to Interrogatory Nos. 3, 4, 5, 6, and 10, but responded to Interrogatory No. 3 by reference to her "latest disclosures," Interrog. Answers at 2, Interrogatory Nos. 4, 5, and 10 by reference to her "latest Complaint," *id.* at 2–4, and Interrogatory No. 6 by reference to her "production and latest Complaint," *id.* at 3.

The Court finds that Plaintiff's responses to Interrogatory Nos. 3, 4, 5, 6, and 10 are inadequate. Generally,[3] a response to an interrogatory must "be complete in itself and should not refer to the pleadings, or to depositions or other documents." *See Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991) (quoting 4A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 33.25[1] (2d ed. 1991) (collecting cases); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *4 n.5 (W.D. Tex. June 10, 2013). Therefore, the Court finds Plaintiff's responses, which are nothing more than references to other documents, are incomplete. Thus, the Court orders Plaintiff to provide full narrative responses to Interrogatory Nos. 3, 4, 5, 6, and 10.

---

[3] A party may, in limited situations, respond by producing business records if it specifies the records with "sufficient detail to enable the interrogating party to locate and identify them." *See* Fed. R. Civ. P. 33(d). However, Plaintiff does not invoke, nor would the Court apply, the business records exception here. *See U.S. SEC v. Elfindepan, S.A.*, 206 F.R.D. 574, 577–78 (M.D.N.C. 2002) ("[p]leadings, depositions, exhibits, and affidavits . . . are not Rule 33(d) business records").

### 3. *Interrogatory No. 7*

Interrogatory No. 7 requests "the name of the 'Incident Manager' referenced in [Plaintiff's] Amended Complaint, the date on which [Plaintiff] called the Incident Manager regarding Mr. Trujillo, and the information [Plaintiff] provided to the Incident Manager regarding Mr. Trujillo's alleged sexual harassment."   Interrog. Answers 3 (citation omitted).   In her answer, Plaintiff responded only that she "will supplement."   *Id*.   Despite re-affirming that she "intend[ed] to provide [a] supplemental response[] to Interrogatory 7," Resp. 2, the Court has not been made aware of any such response.

 "[S]tating one will 'supplement' at a later date does not amount to an initial response to a request for information but rather, is an attempt to subvert the requirements of the discovery rules." *Abraham v. Cavender Boerne Acquis. of Tex., Ltd.*, No. SA-10-CA-453-XR, 2011 WL 13127173, at *4 (W.D. Tex. Apr. 26, 2011) (citing Fed. R. Civ. P. 26(e)).  As such, the Court finds that Plaintiff's response is incomplete and orders Plaintiff to answer Interrogatory No. 7.

### 4. *Interrogatory No. 9*

Interrogatory No. 9 asks Plaintiff to "describe the basis for [Plaintiff's] belief that HHSC failed to take prompt remedial action regarding [her] complaint(s) of alleged sexual harassment by Mr. Jimenez and/or Mr. Trujillo."   Interrog. Answers 4.   In answer, Plaintiff responded only by reference to her "latest Complaint" and the information contained in her answers to Defendant's interrogatories, "including to interrogatory 8."   *See id.*

Plaintiff's response to Interrogatory No. 9 is inadequate.  Plaintiff's attempt to incorporate the Complaint by reference does not constitute a proper response.  *See supra* Section (III)(A)(2). The Court similarly finds that Plaintiff's cross-reference to her answers to Defendant's interrogatories responses fails to meet the requirements of Fed. R. Civ. P. 33(b)(3).  *See In re Pabst*

*Licensing GmbH Pat. Litig.*, No. CIV. A. 99-MD-1298, 2001 WL 797315, at *7 (E.D. La. July 12, 2001) ("cross-reference to another interrogatory answer seeking different kinds of information is confusing and therefore evasive"); *SEC v. Ripple Labs, Inc.*, No. 20-CV-10832 (AT)(SN), 2021 WL 5336970, at *3 (S.D.N.Y. Oct. 21, 2021) (ordering party to reply "without . . . incorporating by reference its responses to other interrogatories" to comply with Rule 33(b)(3)).

Accordingly, the Court orders Plaintiff to supplement her response to provide a complete narrative response to Interrogatory No. 9.

### 5. *Interrogatory No. 11*

Interrogatory No. 11 requests that Plaintiff describe the facts supporting her contention that she was retaliated against,

> including but not limited to: a) the protected activity engaged in by [Plaintiff]; b) the date [Plaintiff] engaged in the protected activity; c) the retaliatory act committed in response to [Plaintiff's] protected activity; d) the date of the retaliatory act; and e) who committed the retaliatory act and the reason for the retaliatory animus.

*See* Interrog. Answers 4. Plaintiff objected to the request as (1) impermissibly "seek[ing] legal analysis through the marshaling of such evidence as to what constitutes 'retaliation'" and (2) "[g]rossly overbroad to the extent it seeks the marshaling of all evidence in response to one interrogatory." *Id.* at 4–5. As to the unobjected to portion of the interrogatory, Plaintiff responded by reference to her "latest Complaint" and "EEOC Charge of Discrimination." *Id.*

First, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2); *see also Innovative Commc'n Sys., Inc. v. Innovative Computing Sys., Inc.*, No. A-13-CV-1044-LY, 2014 WL 3535716, at *2–3 (W.D. Tex. July 16, 2014) ("[c]ontention interrogatories may properly ask for the facts that support an allegation") (quoting *Malibu Consulting Corp. v. Funair Corp.,* No. SA–06–CA–0735, 2007 WL 3995913, at *1 n.1 (W.D.Tex. Nov.14, 2007))).

However, courts have held that contention interrogatories which require a party to "[d]escribe in detail all facts, proof, or evidence" supporting a claim or defense "do not allow a reasonable person to ascertain which documents are required," *Lopez*, 327 F.R.D. at 575–76 (quoting *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2013 WL 6814789, at *10 (N.D. Tex. Dec. 26, 2013; then quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009)).  Thus, while Interrogatory No. 11 does not impermissibly seek legal analysis, the Court finds that Defendant's inclusion of the phrase "including but not limited to" lacks sufficient particularity in this context.  Therefore, the Court strikes the phrase from the request and limits the scope of the interrogatory to the enumerated requests for information.

Accordingly, the Court orders Plaintiff to respond to Interrogatory No. 11 as modified.

### 6.  *Interrogatory No. 13*

Interrogatory No. 13 requests that Plaintiff "describe why [she was] not allowed to have contact with patients, as referenced in [her] Amended Complaint."  Interrog. Answers 5 (citation omitted).  In her answer to Interrogatory No. 13, Plaintiff stated only that she "was set up for failure and termination" and "was told not to have contact and then placed in a position in which she would necessarily have to have contact with patients so that she could be terminated."  *Id.*

The Court finds that Plaintiff's answer to this question is "evasive," such that it does not "disclose a conscientious endeavor to understand the question[]" or provide an explanation for why Plaintiff was ordered not to have contact with patients.  *See Meltzer/Austin Rest. Corp. v*, 2013 WL 2607589, at *3.  Accordingly, the Court orders Plaintiff to supplement her answer to directly respond to the question asked.

### 7. *Interrogatory No. 14*

Interrogatory No. 14 requests the Plaintiff "identify any lawsuits, divorces, arbitrations, criminal prosecutions, professional licensing or other adversarial proceedings, and bankruptcies in which [she has] been a party during the last ten (10) years." *See* Interrog. Answers 5.  Plaintiff objected to Interrogatory No. 14 as irrelevant. *See id.*  In its motion, Defendant contends that the request is relevant "because it could reveal a pattern of filing such claims and/or lawsuits." *See* Mot. 5.

Information regarding a plaintiff's previous lawsuits is relevant to challenging the plaintiff's credibility. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 495 (7th Cir. 1998) (evidence relevant and admissible where it "tends to show [plaintiff's] *modus operandi* of creating fraudulent documents in anticipation of litigation against his employers"); *Outley v. City of New York*, 837 F.2d 587, 594 (2d Cir. 1988) (acknowledging evidence of prior litigation was relevant to credibility, although ultimately inadmissible).  Therefore, the Court overrules Plaintiff's objection and orders Plaintiff to answer Interrogatory No. 14.

### 8. *Interrogatory Nos. 15, 16, and 17*

Plaintiff objected to Interrogatory Nos. 15, 16, and 17 on various grounds.  Despite these objections, Plaintiff's response to Defendant's motion addressed Interrogatory Nos. 15, 16, and 17 only once, in a heading titled

> PLAINTIFF LODGED VALID, NON-FRIVOLOUS OBJECTIONS TO INTERROGATORIES 2, 11, 14, 15, 16, 17 18, 19, AND 22, AND RFPS 18, 19, 22, 23, 24, 25, 26, AND 30; AND PLAINTIFF PROVIDED ADEQUATE RESPONSES TO INTERROGATORIES 3, 4, 5, 6, 9, 10, 11, 13, AND REQUESTS FOR PRODUCTION 11, 14, 21, 25, 27, 28 AND 30.

Resp. at 2; *see also* Resp.  Plaintiff's subsequent argument failed to address any of the objections she raised to Interrogatory Nos. 15, 16, and 17.  *See* Resp.

"[A] party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if [s]he does not, [s]he waives the objection." *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citations omitted). Here, Plaintiff's provides an argument heading, unaccompanied by any argument. Absent sufficient justification, the Court will not sustain Plaintiff's objections to Interrogatory Nos. 15, 16, and 17. The Court thus orders Plaintiff to answer Interrogatory Nos. 15, 16, and 17.

### 9. Interrogatory No. 18

Interrogatory No. 18 requests that, "[f]or the damages sought in Plaintiff 's Amended Complaint," Plaintiff "state the total amount of back pay and future wages; compensatory damages, including but not limited to emotional distress and mental anguish; past, present and future physical pain and mental suffering; and non-pecuniary damages that [she] seek[s] to recover against Defendant," as well as the facts and computations used to calculate damages. Interrog. Answers 6 (citation omitted). In her response to Interrogatory No. 18, Plaintiff objected to the interrogatory as (1) "[g]rossly overbroad to the extent it seeks the marshaling of all evidence in response to one interrogatory and (2) seeking "legal analysis through the marshaling of such evidence as to what constitutes 'damages.'" *See id.* Despite these objections, Plaintiff referred Defendant to Plaintiff's disclosures and production for economic damages, stating that "[f]or non-economic damages and punitive damages, Plaintiff leaves the calculation of such to the good and fair judgment of the jury." *Id.*

First, while it is true that a party "cannot be required to marshal its trial evidence before such evidence is gathered," it may be required to provide the opposing party with facts or documentation underlying its claims. *Beneplace, Inc. v. Pitney Bowes, Inc.*, No. A-15-CV-065-

LY-ML, 2016 WL 880204, at *8 (W.D. Tex. Mar. 7, 2016).  Thus, the Court is not persuaded that

the scope of Interrogatory No. 18 is overbroad, particularly because plaintiffs are obligated to

disclose comparable information in their initial disclosures due to its inherent relevance.  *See* Fed.

R. Civ. P. 26(a)(1)(A)(ii).  However, if Plaintiff does "not intend to ask the jury for a specific dollar

amount of damages at trial" for emotional distress, Plaintiff need not produce a computation of

non-economic damages but must produce other responsive materials substantiating her claim for

relief.  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

Second, for the reasons previously set forth, *see supra* Section (III)(A)(5), the Court does

not find that Defendant's request impermissibly seeks legal analysis.  Accordingly, the Court orders

Plaintiff to supplement her response to Interrogatory No. 18.

### 10. Interrogatory No. 19

Interrogatory No. 19 asked Plaintiff to "identify and describe with particularity the

emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish for which

[she] request[s] relief," as well as "each medical diagnosis [she has] received arising from the

above-named emotional distress and mental anguish."  Interrog. Answers 6.  Plaintiff did not

object, but instead responded with a list of 26 symptoms and mental states.  *See id.* at 6–7.  She

further stated she would supplement the list "if needed."  *Id.* at 6.

The Court finds Plaintiff's answer to Interrogatory No. 19 is incomplete. While Plaintiff's

affirms that she "listed all emotional pain and suffering and mental anguish she has suffered as a

result of her termination" in her answer, she failed to address whether she received any medical

diagnoses.  Plaintiff's promise to supplement does not excuse this failure to respond.  *See supra*

Section (III)(A)(3).  Thus, the Court orders Plaintiff to supplement her response to Interrogatory

No. 19 to answer each component of the question.

### *11. Interrogatory No. 20*

Interrogatory No. 20 requested that "if [Plaintiff is] seeking damages for emotional distress or mental anguish," Plaintiff should identify each "doctor, hospital, clinic, mental or psychiatric treatment center, substance abuse treatment center, medical facility, psychiatrist, psychologist, counselor, person practicing the medical or healing arts, or any other healthcare provider who has provided treatment for which [she is] claiming damages in this lawsuit in the past five (5) years." Interrog. Answers 7. Despite her objections, Plaintiff answered Interrogatory No. 20 by reference to production, *see* Interrog. Answers 7–8, and later stated that she would supplement her answers, *see* Resp. 1.

As addressed, references to production and promises to supplement are insufficient. *See supra* Section (III)(A)(2)–(3). Moreover, although Plaintiff initially objected to Interrogatory No. 20 as overbroad, Interrog. Answers 7–8, she did not argue in support of the objection in her Response, *see* Resp. Thus, the Court finds that her objection is waived. *See supra* Section (III)(A)(8). Accordingly, should Plaintiff intended to continue to pursue damages for emotional distress or mental anguish, Plaintiff is ordered to provide a full narrative response to Interrogatory No. 20.

### *12. Interrogatory No. 21*

Interrogatory No. 21 asked Plaintiff to "identify all medications [she is] currently prescribed," stating for each "(a) when [she was] first prescribed the medication, and (b) who prescribed the medication, and (c) the underlying diagnosis and/or symptom for which it is prescribed (i.e. for stress, anxiety, depression etc.)." Interrog. Answers 8. Plaintiff responded "Prazocin, lorazepam. Additionally, see production."

Plaintiff's response is incomplete, as it fails to identify (1) the date Plaintiff was prescribed the medication, (2) the prescriber of the medication, or (3) the underlying diagnosis or symptom for which the medication was prescribed.  Further, her references to production and promise to supplement do not constitute a proper response.  *See supra* Section (III)(A)(2)–(3).

As such, Plaintiff is ordered to supplement her answer to respond to Interrogatory No. 21 in its entirety.

### 13. Interrogatory No. 22

Interrogatory No. 22 requests Plaintiff "identify every source of income or financial assistance, including social security, retirement, or any entitlement, [she has] received since November 29, 2022, through the present, including the amount of annual income or compensation received from each source for each year and the nature of the income or compensation received from each source."  Interrog. Answers 8.  Plaintiff objected to the interrogatory as violating the collateral source rule but responded "[a]s to the unobjected portion of these interrogatories, Plaintiff answers: None."  *See id.*  In its motion, Defendant argues that the information sought is "relevant because [Plaintiff] has a duty to mitigate her damages."  Mot. 6.

As an initial matter, the Court overrules Plaintiff's objection to Interrogatory No. 22.  The collateral source rule is both a substantive rule of law and "an evidentiary rule that proscribes introduction of evidence of collateral benefits" at trial.  *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994).   However, the rule is "not a rule of discovery."  *Ochoa v. Mercer Transp. Co.*, No. 5:17-CV-1005-OLG, 2018 WL 6220155, at *1 (W.D. Tex. June 8, 2018).  Unlike the rules of evidence, "[t]he rules governing discovery are clear that . . . a party's claim or defense 'need not be admissible in evidence to be discoverable.'"  *Id.* (citing Fed. R. Civ. P. 26(b)(1)).

However, the scope of discovery extends only to information relevant to the parties' claims or defenses.  Fed. R. Civ. P. 26(b)(1).  To raise an affirmative defense of failure to mitigate under Title VII, an employer has the burden to first prove "that substantially equivalent employment positions were available," and second, "that the claimant failed to use reasonable diligence in seeking those positions."  *Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988) (citing *Sellers v. Delgado Cmty. College,* 839 F.2d 1132, 1138 (5th Cir. 1988); *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 623 (6th Cir.1983)).  The Court agrees that information related to income generated by *employment* may be relevant to proving the availability of equivalent employment.  However, the Court does not find that information related to Plaintiff's receipt of *financial assistance or income generated by social security, retirement, or entitlement* is relevant to proving an affirmative defense of failure to mitigate.  Plaintiff has not articulated how such information could be relevant to proving the existence of equivalent employment.  Further, while "an individual's assets are certainly relevant to his motive to look for work," such motive is generally "not relevant to the [objective] reasonableness inquiry."  *Rost v. Pfizer, Inc.*, 248 F.R.D. 417, 419–20 (S.D.N.Y. 2008); *see also Rocha v. S.P. Richards Co.*, No. 5:16-CV-411-XR, 2016 WL 6876576, at *1 (W.D. Tex. Nov. 17, 2016).

Therefore, the scope of the interrogatory must be limited, such that Plaintiff need only identify sources of income from employment "received since November 29, 2022, through the present, including the amount of annual income or compensation received from each source for each year and the nature of the income or compensation received from each source."  Thus, the Court orders Plaintiff to respond to Interrogatory No. 22, as modified.

**B.  Request for Production Nos. 1–6, 8–12, 14–28, and 30**

Requests for production "must describe with reasonable particularity each item or category of items to be inspected," Fed. R. Civ. P. 34(b)(1)(A), such that the recipient is placed on "reasonable notice of what is called for and what is not." *Lopez*, 327 F.R.D. at 575 (quoting *Hager v. Graham*, 267 F.R.D. 486, 493 (N.D.W. Va. 2010)).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  "An objection must state whether any responsive materials are being withheld on the basis of that objection."  *Id.* 34(b)(2)(C).

*1.  Request for Production Nos. 1–6, 8–10, 12, 15, and 17*

In her initial response to Request for Production Nos. 1–6, 8–10, 12, 15, and 17, Plaintiff merely referred Defendant to production without identifying specific documents or organizing her production.  Mot. 8–9.  As a result, in its motion, Defendant complained that Plaintiff failed to organize or label her responses to Request for Production Nos. 1–6, 8–10, 12, 15, and 17.  Id.  Thereafter, in her supplemental response, Plaintiff identified the specific Bates numbers of the documents corresponding to Request for Production Nos. 1-4, 6, 8-9, and 17.  Suppl. Resp. at 3–7.  As to Request for Production Nos. 5, 10, and 15, Plaintiff stated that she had no responsive documents.  Suppl. Resp. at 3–7.

Given that Plaintiff's supplemental response appears to have addressed the issues raised by Defendant, the Court denies the motion to compel as to Request for Production Nos. 1–6, 8–10, 12, 15, and 17 as moot.

## 2.  *Request for Production No. 11*

Request for Production No. 11 sought "documentation and communication pertaining to [Plaintiff's] search for employment between November 29, 2022, and present."  Produc. Resp. 4.  Plaintiff objected to the request as "vague as to 'communications' because such would include oral communications which . . . cannot be produced," but, as to the unobjected portion of the request, referred generally to production.  *Id.*

Parties have an obligation to make "diligent, good-faith responses to legitimate discovery requests."  *Heller v. City of Dallas*, 303 F.R.D. 466, 476 (N.D. Tex. 2014) (quoting *McLeod,* 894 F.2d at 1486).  A party responding to a discovery request should use "reason and common sense to attribute ordinary definitions to terms and phrases."  *Id.* at 491 (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010)).  Where reason and common sense fails to provide sufficient illumination, "the party [should] attempt to obtain clarification prior to objecting on this ground."  *Id.* at 492 (quoting *Consumer Elecs. Ass'n v. Compras & Buys Mag., Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *1 (S.D. Fla. Sept. 18, 2008)) (further citation omitted).  Here, the request clearly was not intended to extend to oral communications, as Rule 34 requests may only require the production of documents, electronically stored information, tangible things, or inspection of land or property.  *See* Fed. R. Civ. P. 34(a). However, even if there were ambiguity as to the meaning of the request, the record does not indicate that Plaintiff sought any clarification from Defendant prior to objecting.  Thus, the Court finds that Plaintiff's objection was improper.

Even where counsel withholds materials due to a valid objection, the "objection must state whether any responsive materials are being withheld on the basis of that objection."  *See* Fed. R.

Civ. P. 34(b)(2)(C)).  Moreover, "[a]n objection to part of a request must specify the part and permit inspection of the rest."  *Id.*  Plaintiff neither specified which responsive materials she withheld based on her objection to Defendant's use of word "communication," nor did she identify which responsive documents she produced.  Therefore, Plaintiff's methods of withholding responsive materials were improper.  The Court orders Plaintiff to produce materials responsive to Request for Production No. 11.

### 3.  *Request for Production No. 14*

Request for Production No. 14 requests that Plaintiff produce her "W-2 and income tax return forms from November 29, 2022, to present."  Produc. Resp. 5.  Plaintiff objected to the request for income tax records as privileged, *see id.*, but produced her W-2 for 2022, *see* Mot. 10.

"Income tax returns are highly sensitive documents, and courts are reluctant to order their routine disclosure as part of discovery."  *RYH Props., LLC v. West*, No. 5:08CV172, 2010 WL 11531154, at *2 (E.D. Tex. Dec. 15, 2010).  As a result, courts have held that "[t]ax returns should be produced only after a showing of relevance by the party seeking production, after which 'the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained.'"  *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *17 (E.D. Tex. July 8, 2020) (quoting *Gondola*, 223 F. Supp. 3d at 587–88).  Here, Defendant identified tax returns as being "relevant for determining backpack and front pay damages" and for ascertaining whether plaintiff has obtained post-termination income.  Mot. 10.   While Plaintiff argues that the information sought by Defendant could be obtained through her W-2s, Resp. 6, the Court finds that the singular W-2 Plaintiff produced cannot be relied upon to provide a comprehensive overview of Plaintiff's income history.  Given that such information is relevant to damage calculations and the affirmative

defense of failure to mitigate, *see Rosson v. Wyndham Vacation Resorts, Inc.,* No. 3-10-0429, 2011 WL 92053, at *2 (M.D. Tenn. Jan. 11, 2011, the Court grants Defendant's motion to compel as to Request for Production No. 14.

### 4.  Request for Production No. 16

Request for Production No. 16 seeks "[a]ll personal diaries, notes, memorandum, notebooks, or similar documents authored by [Plaintiff] regarding the occurrences made the basis of this lawsuit," including "text messages and postings on Social Media Sites."  Produc. Resp. 5. Plaintiff objected to this request as (1) vague, (2) an invasion of Plaintiff's privacy, and (3) overbroad.  *See id.*

First, the Court will not allow Plaintiff's first objection, as Plaintiff failed to sufficiently explain the perceived ambiguity and there is no indication that she contacted Defendant to clarify the terms of the request.  *See supra* Section (III)(B)(2).  Second, the request does not constitute an invasion of Plaintiff's privacy, as there is no general right to privacy for social media posts and Defendant's request is appropriately confined only to posts forming the basis of the lawsuit.  *See supra* Section (III)(A)(1).  Third, to properly object to a request as overbroad, the objecting party "must explain the extent to which it is overbroad and answer or respond to the extent that it is not—and explain the scope of what the responding party is answering or responding to."  *Heller*, 303 F.R.D. at 488 (citing Fed. R. Civ. P. 33, 34) (further citation omitted).  Plaintiff has not met any of these required steps, and thus waives her objection.  Accordingly, the Court orders Plaintiff to respond to Request for Production No. 16.

### 5.  Request for Production Nos. 18 and 19

Request for Production Nos. 18 and 19 demand that for the ten years preceding her response, Plaintiff produce documents relating to prior charges for discrimination and documents

related to other lawsuits or proceedings to which she has been a party. *See* Produc. Resp. 6. Plaintiff objected to these requests as (1) irrelevant, (2) overbroad, and (3) vague. *See id.* Defendant asserts that these requests are relevant to impeachment. Mot. 5.

The Court overrules Plaintiff's objections. First, the Court concludes that Plaintiff's requests for documents related to Plaintiff's previous claims and lawsuits are relevant to challenging Plaintiff's credibility. *See supra* Section (III)(A)(7). Second, Plaintiff's objection that the request is overbroad is waived, as she failed to object with the required particularity. *See supra* Section (III)(B)(4). Third, Plaintiff's objection as to ambiguity is waived, as Plaintiff did not state which responsive materials were withheld based on her objection. *See supra* Section (III)(B)(2). Accordingly, the Court orders Plaintiff to respond to Request for Production Nos. 18 and 19.

### 6.  *Request for Production Nos. 20 and 21*

While Plaintiff objected to Request for Production No. 20 and 21 on various grounds, *see* Produc. Resp. 6, she failed to address her objections to these requests in her response, *see* Resp. Plaintiff therefore waives her objections to Request for Production Nos. 20 and 21. *See supra* Section (III)(A)(8). Therefore, the Court orders Plaintiff to respond to Request for Production Nos. 20 and 21.

### 7.  *Request for Production No. 22*

Request for Production No. 22 requests Plaintiff produce "[r]eceipts and labels of prescription medicines, if any, which [she has] been prescribed by any healthcare provider to treat any mental pain or mental anguish that [she] allege[s] to have suffered as a result of Defendant's actions complained of in this lawsuit." Produc. Resp. 7. Plaintiff did not object to the request in her initial response, but instead stated merely that she "will supplement" it in the future. *Id.*

However, in her supplemental response, Plaintiff stated that she had "[n]othing to supplement at th[at] time."  Suppl. Resp. at 9.

Finding Plaintiff's response to be evasive, *see supra* Section (III)(A)(3), the Court orders Plaintiff to either respond to Request for Production No. 22 with the requested materials or clarify that she has no responsive documents.

### 8. *Request for Production Nos. 23 and 24*

Request for Production No. 23 requests the production of "[a]ny agreements between [Plaintiff] and [Plaintiff's] attorneys for representation," with privileged information redacted. Produc. Resp. 7.  Request for Production No. 24 seeks "[a]ll billing records evidencing the amount of attorney's fees you claim to have incurred regarding this lawsuit." Plaintiff objected to the requests as "[a]ttorney-client privileged and work product," *id.*, but failed to file a privilege log, Mot. 6.

Under the Federal Rules of Civil Procedure, when a party withholds information and asserts a claim of privilege, the party must file a privilege log describing "the nature of the documents, communications, or tangible things not disclosed," such that, without revealing protected information, the Court and opposing party may assess the claim of privilege.  Fed. R. Civ. P. 26(b)(5)(A)(ii).  Failure to file a privilege log can, but does not automatically, result in waiver of the privilege. *Compare Rogge v. Bandera Falls Prop. Owner's Ass'n*, No. CV SA-07-CA-996-OLG, 2009 WL 10713559, at *3 (W.D. Tex. Aug. 11, 2009) (finding failure to file a privilege log resulted in waiver) *with Sw. Marine & Gen. Ins. Co. v. Nat'l Credit Union Admin. Bd.,* No. AU-17-CA-00367-SS, 2018 WL 6313294, at *3 (W.D. Tex. Nov. 30, 2018) (declining to find failure to file privilege log resulted in waiver).

The Court does not find that the Plaintiff waived her privilege at this time.  However, the Court orders Plaintiff to respond to Request for Production Nos. 23 and 24, withholding records only to the extent that the records contain privileged information which cannot be protected through redaction.[4]  Should the Plaintiff continue to assert that her records must be withheld as privileged, Plaintiff must promptly submit a sufficiently detailed privilege log.

### 9. Request for Production Nos. 25 and 26

Request for Production No. 25 seeks "[a]ll documents showing, establishing, substantiating, or otherwise supporting any claim" for the damages Plaintiff seeks.  Produc. Resp. 7.  Request for Production No. 26 seeks "[a]ll documents and all other tangible evidence in [Plaintiff's] custody or control that substantiate [her] calculation of damages." Plaintiff objected to each request as (1) impermissibly "seek[ing] legal analysis through the marshaling of such evidence as to what constitutes 'damages'" and (2) "[g]rossly overbroad to the extent it seeks the marshaling of all evidence in response to one request."  Produc. Resp. 7–8.  In response to the unobjected to portion of the requests, Plaintiff referred Defendant to Plaintiff's disclosures and production.  *Id.*

Plaintiffs first objection is overruled.  *See supra* Section (III)(A)(5), (9).  Plaintiff's objection as to the breadth of the request is similarly improper, although Plaintiff need not produce a computation of non-economic damages if she does not intend to request a specific dollar amount

---

[4] Plaintiff is reminded that fee arrangements and retainers are not privileged where the records "simply reveal the amount of time spent, the amount billed, and the type of fee arrangement between attorney and client."  *C.J. Calamia Constr. Co. v. ARDCO/Traverse Lift Co.*, No. CIV. A. 97-2770, 1998 WL 395130, at *3 (E.D. La. July 14, 1998); *see Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *16 (E.D. Tex. July 8, 2020) (citing *United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981); *Dunn v. Schlumberger Tech. Corp.*, No. 08-CV-3238, 2010 WL 11646536, at *2 (S.D. Tex. July 20,2010)).

of non-economic damages at trial. *See supra* Section (III)(A)(9). Accordingly, the Court grants the motion to compel as to Request for Production Nos. 25 and 26.

**10. Request for Production Nos. 27 and 28**

Request for Production Nos. 27 and 28 seek "[a]ll documents prepared by, provided to, relied upon, or reviewed by any expert witness who is expected to testify at . . . trial," along with "[a]ll agreements with any testifying expert retained in this case." Produc. Resp. 8. Plaintiff responded that she had not retained any testifying experts. Defendant challenges the veracity and completeness of Plaintiff's response, as Plaintiff designated her attorney as an expert on attorney's fees and had previously designated Isabel Rodriguez as an expert on her mental health treatment. Mot. 10.

First, the Court has already granted Defendant's motion to strike Isabel Rodriguez as an expert witness. *See* Mem. Op. & Order, ECF No. 50. Thus, Isabel Rodriguez clearly does not qualify as an expert witness "expected to testify at trial." Request for Production Nos. 27 similarly does not apply to Plaintiff's counsel, as Plaintiff states her attorney will only testify in a post-trial submission if the jury finds in favor of Plaintiff. Resp. 8.

Second, Plaintiff has been ordered to produce her retainer agreements with counsel. Therefore, the Court does not find that Request for Production Nos. 27 and 28 requires supplemental response. However, Plaintiff is reminded of her duty to supplement under Fed. R. Civ. P. 26(e) should she enter into any additional retainer agreements with testifying witnesses or seek to admit expert witnesses at trial.

**11. Request for Production No. 30**

Request for Production No. 30 requests Plaintiff "produce a signed . . . Authorization for Release of Medical Records" if she is "claiming any physical or mental distress as damages."

Produc. Resp. 8.  Plaintiff objected to the request as (1) irrelevant and (2) overbroad in temporal scope.  *Id*.[5]  Despite this objection, Plaintiff states that she will continue to submit her medical records as she receives them.  Resp. 8.  In its motion, Defendant argues that the contents of Plaintiff's medical records are relevant to Plaintiff's claims for mental anguish and emotional distress.  Mot. 5.

First, "several courts have found that medical records are relevant to claims of mental anguish in discrimination cases [under Title VII]."  *Merrill,* 227 F.R.D. at 473 (collecting cases).  Where a plaintiff opposes production, "it is [the plaintiff's] burden to establish that . . . there [is] 'no possibility' that the requested records may be relevant to the claim or defense of any party."  *Id.*  Therefore, the Court finds that the medical records are relevant, as Plaintiff filed suit under Title VII, requested damages for mental anguish, and has not otherwise persuaded the Court that the records are irrelevant.

Second, once a plaintiff places her mental state at issue, the defendant may be "entitled to discovery of information pertaining to any mental or physical conditions which could have led to the claimed damages, including conditions which preexisted the employment period at issue here."  *Williams v. NPC Int'l, Inc.*, 224 F.R.D. 612, 613 (N.D. Miss. 2004); *see also Zamora v. GC Servs., LP*, No. EP15CV00048DCGRFC, 2016 WL 8853096, at *4 (W.D. Tex. Aug. 19, 2016) (collecting cases).  Thus, the Court does not find that the request is overbroad.

Given the Plaintiff's failure to meaningfully participate in the discovery process, the Court is inclined to grant the Defendant more autonomy in obtaining relevant documents.  Accordingly,

---

[5]  Plaintiff cites *Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376 (E.D. Tex. 1997) to support her position that the request was overbroad.  *See* Resp. 8–9.  However, *Burrell* addressed the question of whether plaintiffs were required to produce signed medical authorizations as part of their initial disclosures under Federal Rule of Civil Procedure 26(a)(1), rather than whether an authorization sought relevant information under Federal Rule of Civil Procedure 26(b).  *Burrell, 177 F.R.D.* at 378; *see also Merrill*, 227 F.R.D. at 472–73 (holding *Burrell* inapplicable in cases involving Rule 26(b)(1) discovery).

the Court orders Plaintiff to respond to Request for Production No. 30 with a signed medical authorization.

## C.  Reasonable Expenses and Attorney's Fees

Lastly, Defendant requests that Plaintiff be compelled to "pay [Defendant's] expenses associated with this motion pursuant to Red. R. Civ. P. 37(a)(5)." Mot. 10–11.  Generally, if a motion to compel in a case is granted, the Court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).  However, "[t]he Court is explicitly forbidden from awarding such expenses if the movant filed the motion without first making a good faith attempt to obtain the discovery without court intervention." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (citing Fed.R.Civ.P. 37(a)(5)(A)(i)).  Moreover, the rule "clearly enunciates that a movant's motion 'must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.'" *Id.* at 398 (citing Fed.R.Civ.P. 37(a)(1)).

The word "'[c]onfer' means to meet, *in person or by telephone*, and make a genuine effort to resolve the dispute . . . ." *Care Env't Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *3 (E.D.N.Y. May 30, 2006) (citing *Big Apple Pyrotechnics v. Sparktacular Inc.*, 2006 WL 587331, *1 (S.D.N.Y.2006)).  As such, courts have often held that simply sending unanswered letters or emails is not enough to warrant an award of expenses under Rule 37(a).  *See Compass Bank*, 287 F.R.D. at 399–400 (collecting cases).  Here, Defendant states that it sent a conferral letter on June 26, 2025, as well as two emails on June 26, 2025, and July 18, 2025.  However, the parties did not meet until July 22, 2025.  Accordingly, the Court finds that the

Defendant filed this motion before conferring with Plaintiff's counsel or making a good faith attempt to obtain discovery.

Because the parties did not meet and confer before the motion was filed, the Court denies Defendant's motion as to the payment of reasonable expenses and attorney's fees.[6]

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Discovery (ECF No. 45) is **GRANTED in part** and **DENIED in part**.

The Court **FURTHER ORDERS** Plaintiff Elizabeth Carrizal to provide supplemental answers to Defendant's Interrogatory Nos. 2–7, 9–11, and 13–22 and responses to Defendant's Request for Production Nos. 11, 14, 16, 18–26, and 30 within fourteen (14) days.

**SIGNED** this 8th day of September, 2025.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The Court cautions Plaintiff's Counsel that, had Defendant complied with the certification requirement, it would have been awarded reasonable expenses and attorney's fees. Whether Plaintiff's noncompliance was the result of a calculated effort to avoid its disclosure obligations or ignorance as to the rules of discovery, future requests arising from similar failures will be granted, with amounts proportionate to the degree of dereliction.