**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ELIZABETH CARRIZAL,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-23-CV-00343-DCG** |
| | § | |
| **STATE OF TEXAS – HEALTH AND** | § | |
| **HUMAN SERVICES COMMISSION,** | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Health and Human Services Commission's Motion to Strike Cristina Rascon [hereinafter "Mot."], ECF No. 58. Senior United States District Judge David C. Guaderrama referred the motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. Order Referring Mots. Mag. J, ECF No. 64. For the reasons set forth below, the Motion is **DENIED**.

## I.     DISCUSSION

Defendant asks the Court to exclude Rascon's testimony pursuant to Federal Rules of Civil Procedure 16(f) and 37(c), claiming Plaintiff violated the Court's orders and Federal Rule of Civil Procedure 26(a) and (e) by failing to timely comply with expert disclosure requirements. Mot.

### A. Rule 37(c)

Rule 37(c)(1) requires courts to prohibit the use of a witness "on a motion, at a hearing, or at a trial" where "a party fails to provide information or identify [the] witness as required by Rule 26(a) or (e), . . . unless the failure was substantially justified or is harmless." As Defendant identifies in its Motion, a party violates Rule 26(a) if (1) the party fails to disclose the identity of a potential expert witness in her initial disclosures, Fed. R. Civ. P. 26(a)(2)(A); or (2) her expert

witness does not produce the required written report within the deadline imposed by the court, Fed. R. Civ. P. 26(a)(2)(C)–(D).[1]  A party may also be found to have violated Rule 26(e) if she failed to supplement her 26(a) disclosures having "learn[ed] that in some material respect the disclosure or response [wa]s incomplete or incorrect."  Fed. R. Civ. P. 26(e).

Here, Defendant's request hinges on its assertion that Rascon is an expert witness, yet there is no evidence in the record to support such a characterization.  Rascon's name does not appear within Plaintiff's disclosed list of "persons [whom] may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 705," Mot. Ex. A, Plaintiff's Fifth Disclosures 7, ECF No. 58-1, and Defendant does not offer, nor is the Court aware of, any facts supporting Defendant's contention that Plaintiff intends to introduce Rascon's testimony.  While Rascon is named in Plaintiff's list of "individual[s] likely to have discoverable information relevant to disputed facts," *id.* at 3, 6, Defendant concedes that "disclosing an individual as part of Rule 26(a)(1) disclosures does not automatically render that individual as a witness," Def.'s Reply Supp. Mot. Strike Cristina Rascon 2, ECF No. 62.  Absent any evidence suggesting Rascon is a potential witness, much less a potential *expert* witness, the Court will not find that Plaintiff violated Rule 26(a) or (e) by declining to disclose her as such.

## B.  Rule 16(f)

Rule 16(f) authorizes courts to bar the introduction of undisclosed evidence where a party fails to obey a scheduling or pretrial order.  *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(ii).  In support of its Motion, Defendant identifies several orders in which the Court

---

[1]     Even if Rascon is not a potential expert witness, Plaintiff could be found to have violated Rule 26 if Plaintiff failed to timely disclose that Rascon was an "individual likely to have discoverable information relevant to disputed facts."  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  However, Defendant does not attempt to make this argument, nor is the record before the Court sufficient to support such a finding.  Without any showing as to when Rascon came to possess discoverable information, or when Plaintiff became aware of that fact, the Court is unable to assess whether the disclosure was made within the required time frame.

set deadlines for Plaintiff's designation of expert witnesses, production of expert reports, and supplementation of disclosures. *See* Mot. 3–4, 7 (citing Sched. Order 1, 4, ECF No. 15; Order Granting Def.'s Mot. Cont. & Amend. Sched. Order, ECF No. 30). For the reasons set forth above, the Court does not find Plaintiff violated these orders.

Because the Court does not find Plaintiff violated Rule 26 or a court order, the Court has no basis upon which to impose sanctions under Rules 37(c) or 16(f). Accordingly, Defendant's motion to exclude Rascon's testimony should be denied.

## II.   CONCLUSION

For the foregoing reasons, Defendant Health and Human Services Commission's Motion to Strike Cristina Rascon, ECF No. 58, is **DENIED**. Defendant may renew the request only if additional facts reveal that Plaintiff did indeed violate Rule 26(a) or (e), or if Defendant can demonstrate Plaintiff violated a pretrial or scheduling order imposed by the Court.[2]

**SIGNED** this 26th day of February, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]     The Certificate of Conference included in the Motion suggests that counsel understands the subject of the Motion to be bound by the deadline imposed on discovery-related motions. *See* Mot. 9. However, "[a] motion to strike an untimely disclosure, which is a motion to exclude evidence, is not a motion to compel or limit discovery that must be filed in advance of the discovery deadline." *Harris v. Desoto Cnty., Mississippi*, No. 3:24-CV-00289-GHD-RP, 2026 WL 184202, at *2 (N.D. Miss. Jan. 23, 2026).