IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ELIZABETH CARRIZAL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **EP-3:23-cv-00343-DCG** |
| | § | |
| STATE OF TEXAS – HEALTH AND | § | |
| HUMAN SERVICES COMMISSION, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Before the Court is Defendant's Motion to Quash and for Protective Order Limiting Plaintiff's Notice of 30(b)(6) Deposition, ECF. No. 57 [hereinafter "Mot."], referred to the undersigned Magistrate Judge for determination by Senior United States District Judge David C. Guaderrama, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. Order Referring Mots. Mag. J., ECF No. 64. For the reasons set forth herein, the Motion is **GRANTED IN PART AS MODIFIED** and **DENIED IN PART**.

### I.    BACKGROUND

Plaintiff Elizabeth Carrizal brings this action against Defendant, her former employer, asserting claims for sex discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964. *See* Pl.'s First Amend. Compl. & Jury Demand ¶ 38, ECF No. 21 [hereinafter "Amend. Compl."].

In pertinent part, Plaintiff's now operative Amended Complaint sets forth the following allegations: on October 14, 2021, Plaintiff was hired by Defendant to serve as a Direct Support Specialist ("DSP") I at the El Paso State Supported Living Center ("EPSSLC"). Amend. Compl. ¶ 13. Beginning November 1, 2021 and continuing through November 1, 2022, Plaintiff was

sexually harassed by two coworkers: Alfonso Jimenez and Andres Trujillo. *Id.* ¶¶ 14–16, 20–23. Plaintiff reported this conduct to her superiors on several occasions, through verbal and written complaints. *Id.* ¶¶ 17–19, 27–33. In March 2022, Administrative Director of Programs Elena Trail reassigned Plaintiff to the position of Clerk I, "forc[ing Plaintiff] to have daily and hourly contact with patients," even though Trail was aware that Plaintiff "[wa]s not allowed to have contact with patients." *Id.* ¶ 35. The decision to require Plaintiff to engage in work she was not authorized to complete was made on the recommendation of Mr. Jimenez to "set[] [Plaintiff] up for termination." *Id.* Plaintiff's employment was then terminated on November 29, 2022. *Id.* ¶¶ 35–36, 38.

On June 18, 2025, Plaintiff served Defendant with a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6), listing thirteen topics for examination. Mot. 1; Mot. Ex. A, ECF No. 57-1. Prior to filing the instant Motion, the parties conferred in good faith to address Defendant's objections to the notice. *See* Mot. 1. As a result of those discussions, Plaintiff served Defendant an amended notice on September 3, 2025. *See id.*; Mot. Ex. C, ECF No. 57-3 [hereinafter "Amend. Notice"]. Despite these amendments, the parties were unable to resolve all of Defendant's objections. *See* Mot. 1–2, 10. Consequently, on September 29, 2025, Defendant filed the instant Motion. *See id*.

## II.    LEGAL STANDARD

### A.    Deposition Notices Directed to Organizations and Entities

A party may name an entity as a deponent in a deposition notice under Rule 30(b)(6). *See* Fed. R. Civ. P. 30(b)(6). Once noticed, the entity "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought" and "prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant

subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (collecting cases) (emphasis omitted). The obligation to designate and prepare a "designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved," to include information which is "reasonably available, whether from documents, past employees, or other sources." *Id.* (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)) (citing *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995); *Buycks–Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995)).

That said, an entity's duty under Rule 30(b)(6) is not without its limits. Courts will "limit a designating party's preparation when the burden and expense to investigate and acquire that information conflicts with other discovery rules, or the information does not exist or is genuinely unavailable." *Wings Platinum, LLC v. Westchester Surplus Lines Ins. Co.*, No. 3:23-CV-2145-D, 2024 WL 3346280, at *2 (N.D. Tex. July 9, 2024) (collecting authority). Accordingly, in crafting a 30(b)(6) notice, the requesting party must "take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Goodyear Tire & Rubber Co. v. CEVA Logis. Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024), *review denied sub nom. Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore Pte Ltd*, No. CV 22-4561, 2024 WL 5086077 (E.D. La. Dec. 12, 2024) (quoting *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (citing *Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020)); *see also* Fed. R. Civ. P. 30(b)(6).

**B.    Protective Orders**

Upon a motion establishing good cause, a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The good cause requirement places the burden on the movant to show a protective order is warranted and "contemplates a

3

particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)) (citing 8 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 2035, at 483–86 (2d ed. 1994)). In making a good-cause determination, courts apply "a somewhat demanding balancing of interests approach," weighing relevant public interests, the hardship on the movant, and "the probative value of the information to the other party." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (collecting authority). Courts retain broad discretion in determining whether to grant protective orders. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Deposition notices are also subject to limitations under Rule 26(b). *Wings*, 2024 WL 3346280, at *2; *MC Trilogy Tex., LLC v. City of Heath*, No. 3:22-CV-2154-D, 2024 WL 1641233, at *3 (N.D. Tex. Apr. 16, 2024). Whether on a motion or *sua sponte*, a "court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). A deposing party's inquiry falls outside the permitted scope of discovery if the information sought is (1) irrelevant to a party's claim or defense, (2) not proportional to the needs of the case, or (3) privileged. *Id.* at 26(b)(1).

## III.   DISCUSSION

In its Motion, Defendant asks that the Court (1) sustain Defendant's objections to Topics 2–11; (2) issue a protective order limiting each Topic consistent with the objections, Mot. 10; and (3) quash Topic 11, *id.* at 7–9. The Court considers each Topic – and Defendant's objections thereto – in turn.

### A.   Topic 2

As written in the Amended Notice, Topic 2 covers:

4

[t]he substance of training, if any, which Defendant provided to Plaintiff, specifically, before hiring and during the course of Plaintiff's employment with Defendant relating to (a) equal employment opportunity in the workplace, (b) preventing sexual harassment, sex discrimination, and retaliation in the workplace, and (c) the workplace polices, protocols, and procedures it applies to its employees generally with respect to sexual harassment, sex discrimination, and retaliation, including the substance of Defendant's policies, protocols, and procedures as written in its employee handbooks, employee policy manuals, memos, advisories and notices, Human Resources manuals, memos, advisories, notices and handbooks.

Amend. Notice ¶ 2 (emphasis omitted).  Defendant asks that the Court issue a protective order limiting the scope of Topic 2, arguing that the Topic (1) has no temporal limitations and (2) is overbroad and vague as to the policies covered.  Mot. 3–4.

As to Defendant's first objection and request for limitation, "[t]opics with no temporal restriction or element are routinely found to be overbroad." *United Healthcare Servs., Inc. v. Next Health, LLC*, No. 3:17-CV-00243-E-BT, 2021 WL 9146632, at *4 (N.D. Tex. Oct. 13, 2021) (citing *Cook v. City of Dallas*, 2017 WL 9534098, at *5 (N.D. Tex. Apr. 10, 2017); *Ransom v. M. Patel Enters.*, 2011 WL 3439255, at *4 (W.D. Tex. Aug. 5, 2011)).  As written, Topic 2 indeterminably extends into pre-employment training.  To more efficiently guide Defendant's preparation of its designee, the Court finds it reasonable to limit the scope of the Topic to training provided to Plaintiff from October 14, 2020 through November 29, 2022 – a period beginning one year before Plaintiff's employment and ending at her termination.  *See Browning v. Sw. Rsch. Inst.*, No. SA-05-CA-0245-FB, 2006 WL 8434146, at *2 (W.D. Tex. Apr. 26, 2006) (citing *Breon v. Coca–Cola Bottling Co. of New England*, 232 F.R.D. 49, 50 (D. Conn. 2005); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004); *Beasley v. First Am. Real Estate Info. Services, Inc.*, 2005 WL 1017818, at *1 (N.D. Tex. 2005)) (holding while "[t]here is no set formula to determine how many years of information is reasonable" when setting the temporal scope of discovery, courts "commonly extend the scope of discovery [in employment

discrimination lawsuits] to a reasonable number of years both prior to and following" the liability period); *Faulk v. Owens Corning Roofing & Asphalt, LLC*, No. 3:23-CV-0230-X, 2024 WL 476997, at *2–3 (N.D. Tex. Feb. 7, 2024) (limiting temporal scope of topic concerning training of employees within plaintiff's department to one year before plaintiff was hired).

As to Defendant's remaining objections, insofar as Defendant is concerned that it will be required "to have someone speak on *every iteration* of *every policy*," Mot. 3–4 (emphasis added), the court-imposed temporal restrictions should alleviate some of Defendant's apprehensions. Moreover, rather than reaching every policy applicable to Defendant's workforce, the Topic is limited to those policies falling within the discrete subject areas identified by Plaintiff and on which Plaintiff received training.  Given that the identified training subjects are all relevant to Plaintiff's claims, the Court does not find the request is overly broad.  *See Faulk*, 2024 WL 476997, at *2–3 (allowing deposition topic concerning discrimination training provided to individuals working within plaintiff's department).  However, to ensure Topic 2 is not subject to varying interpretations resulting from imprecise drafting, the Court will revise the Topic for clarity.[1]

Accordingly, Defendant's request for a protective order is **GRANTED IN PART AS MODIFIED**, as to Topic 2.  The Court **ORDERS** the scope of Topic 2 shall be limited to:

> the substance of training, if any, which Defendant provided to Plaintiff, ***from October 14, 2020 to November 29, 2022, about:***
> (a) equal employment opportunity in the workplace;
> (b) preventing sexual harassment, sex discrimination, and retaliation in the workplace; and
> (c) the workplace polices, protocols, and procedures it applies to its employees generally with respect to sexual harassment, sex discrimination, and retaliation, including ***training regarding*** the substance of ***such*** policies, protocols, and procedures as written in its employee handbooks, employee policy manuals, memos,

---

[1] Insofar as Defendant appears to object to the inclusion of the word "generally," Mot. 3–4, the Court construes this language to be restrictive rather than expansive.  Specifically, the Court interprets the term "generally" as limiting the Topic's subject matter to training on workplace policies, protocols, and procedures that Defendant applied to its employees on a routine basis, rather than training concerning ad hoc workplace decisions or responses to isolated incidents.

6

advisories and notices, Human Resources manuals, memos, advisories, notices and handbooks.

**B.      Topic 3**

Topic 3 indicates Plaintiff will seek testimony concerning:

[t]he substance of training, if any, which Defendant provides its employees, supervisors, and managers, including Laura Moore, Ray Marquez, Alberto Valencia, Alfonso Jimenez, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Jim Rodriguez, from January 2021 through November 2022, if any, about (a) equal employment opportunity in the workplace, (b) preventing sexual harassment, sex discrimination, and retaliation in the workplace, and (c) the workplace polices, protocols, and procedures it applies to its employees generally with respect to sexual harassment, sex discrimination, and retaliation, including the substance of Defendant's policies, protocols, and procedures as written in its employee handbooks, employee policy manuals, memos, advisories and notices, Human Resources manuals, memos, advisories, notices and handbooks.

Amend. Notice ¶ 3 (emphasis omitted).  As with Topic 2, Defendant objects to the Topic's temporal scope, as well as the breadth and ambiguous nature of the policies covered.  Mot. 4. Defendant also objects that the Topic should be limited to training provided to the individuals identified by Plaintiff, rather than an undefined group of "employees, supervisors, and managers." Def.'s Reply in Supp. Mot. Quash & Order Prot. Limiting Pl.'s Notice of Dep. Under R. 30(b)(6) at 2, ECF No. 61 [hereinafter "Reply"].

First, while Defendant argues Topic 3 lacks a "stated time period," Mot. 3, the most recent iteration of the deposition notice provides clear temporal limitations – January 2021 through November 2022, Amend. Notice ¶ 3.  The Court finds these limitations to be appropriate and thus will not impose further restrictions concerning Topic 3's temporal scope.  *See Faulk*, 2024 WL 476997, at *3.

Next, as with Topic 2, the Court does not find the policies encompassed by Topic 3 overbroad, but deems it appropriate to mirror the revisions applied to Topic 2 to avoid ambiguity. *See* discussion *supra* Section III(A).

As to the third objection, the Court agrees that, as written, it is unclear whether Plaintiff intended Topic 3 to encompass individuals beyond those specifically named.  However, Plaintiff clarifies that she seeks only "testimony about the training provided to a discreet [sic] list of Defendant employees, supervisors, and managers."  Pl.'s Resp. Def.'s Mot. Quash & Order Prot. Limiting Pl.'s Notice Dep. Under R. 30(b)(6) at 2, ECF No. 59 [hereinafter "Resp."].  Given Plaintiff's apparent concession on the matter – and to avoid overbreadth – the Court will limit Topic 3 to training provided to the individuals identified by Plaintiff.  *See Kleppinger v. Tex. Dep't of Transp.*, No. CV L-10-124, 2012 WL 12893652, at *13 (S.D. Tex. Mar. 12, 2012) (ordering discovery request concerning discrimination training provided to all employees shall be limited to training provided to only those employees alleged to have engaged in discriminatory conduct); *see also Chauvin v. United Parcel Serv., Inc.*, NO. 23-392, 2023 WL 4175100, at *8, 10 (E.D. La. June 26, 2023) (holding "topic[s] that [are] phrased in terms of 'including but not limited to' … [are] improper and must be limited"); *Boudreaux v. Sch. Bd. of St. Mary Par.*, NO. 6:65-CV-11351, 2022 WL 1541620, at *5 (W.D. La. May 16, 2022) (holding "the phrase 'including but not limited to' broadens the scope of the specifically enumerated topics, such that the [party] is unable to properly prepare a designee to testify on its behalf").

Defendant's request to for a protective order is **GRANTED IN PART AS MODIFIED**, as to Topic 3.  The Court thus **ORDERS** the scope of Topic 3 shall be restricted to:

> the substance of training, if any, which Defendant ***provided to Laura Moore, Ray Marquez, Alberto Valencia, Alfonso Jimenez, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Jim Rodriguez***, from January 2021 through November 2022, about:
> (a) equal employment opportunity in the workplace;
> (b) preventing sexual harassment, sex discrimination, and retaliation in the workplace; and
> (c) the workplace polices, protocols, and procedures it applies to its employees generally with respect to sexual harassment, sex discrimination, and retaliation, including ***training regarding*** the substance of ***such*** policies, protocols, and

8

procedures as written in its employee handbooks, employee policy manuals, memos, advisories and notices, Human Resources manuals, memos, advisories, notices and handbooks.

**C.    Topic 4**

Topic 4 encompasses:

[t]he substance of training, if any, which Defendant provides its employees, supervisors, and managers, including Laura Moore, Ray Marquez, Alberto Valencia, Alfonso Jimenez, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Jim Rodriguez, from January 2021 through November 2022, about what action, if any, is to be taken in response to a report or complaint of sexual harassment, sex discrimination or retaliation in the workplace—of the types made subject of the instant lawsuit—including the substance of written procedures and protocols for investigating such reports and complaints.

Amend. Notice ¶ 4 (emphasis omitted).  As with Topic 3, Defendant objects to Topic 4 as "overbroad because it is not limited to individuals identified by [Plaintiff]."  Mot. 4.  Given that Plaintiff does not attempt to argue the Topic should extend to unenumerated employees, *see* Resp. 2, the Court will similarly limit Topic 4 to cover only the training provided to Laura Moore, Ray Marquez, Alberto Valencia, Alfonso Jimenez, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Jim Rodriguez, *see* discussion *supra* Section III(B).

Defendant's request to for a protective order is **GRANTED IN PART**, as to Topic 4. Therefore, the Court **ORDERS** that the scope of Topic 4 be restricted to:

the substance of training, if any, which Defendant ***provided to Laura Moore, Ray Marquez, Alberto Valencia, Alfonso Jimenez, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Jim Rodriguez***, from January 2021 through November 2022, about what action, if any, is to be taken in response to a report or complaint of sexual harassment, sex discrimination or retaliation in the workplace—of the types made subject of the instant lawsuit—including the substance of written procedures and protocols for investigating such reports and complaints.

**D.    Topic 5**

Topic 5 states that the designee will be asked to testify about:

> [t]he factual basis, or lack thereof, for Defendant's decision to terminate Plaintiff 's employment, including the identity of those who made, ratified, and contributed to such decision, how and when such decision was made, how such decision was documented, if at all; and the location and substance of all related documentation, including hand written notes and electronically stored information ("ESI").

Amend. Notice ¶ 5.

Defendant objects to the Topic as, *inter alia*, irrelevant, insofar as it seeks testimony concerning "the location and substance of all related documentation, including hand written notes and electronically stored information ("ESI")." Mot. 9–10. In response, Plaintiff states the objected-to portion of the request is relevant to "ensure that Defendant has actually made a good-faith effort to locate" documents requested during the course of discovery. Resp. 3–4.

Defendant's request for "the location and substance of all . . . documentation" related to the Topic implicates what courts have called "meta-discovery" or "discovery about the discovery." *See Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). "Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced or that was destroyed." *Id.* Yet, if parties were given free range to engage in such meta-discovery, "discovery would never end." *Id.* Accordingly, requests which are relevant only to determining whether another party has complied with its discovery obligations are looked upon with close scrutiny. Courts regularly limit discovery where the party seeking meta-discovery cannot "point to the existence of additional responsive material" or demonstrate that the documents already produced "permit a reasonable deduction that other documents may exist or did exist and have been destroyed." *Orillaneda v. French Culinary Inst.*, No. 07 CIV. 3206 RJH HBP, 2011 WL 4375365, at *5–6 (S.D.N.Y. Sept. 19, 2011) (quoting *Hubbard*, 247 F.R.D. at 29) (citing *Preskoff v. Faber*, 244 F.R.D. 54, 63 (D.D.C.2007)); *see also Adamson v. Pierce Cnty.*, No. 3:21-CV-05592-TMC, 2023 WL 7280742, at *5 (W.D. Wash. Nov. 3, 2023) (collecting cases). Given

that Plaintiff concedes that the information she seeks is relevant only to verifying whether Defendant complied with its discovery obligations, but has not shown that it is likely Defendant's production has been deficient, the Court sustains Defendant's objection and limits the Topic.

Defendant's request to for a protective order is **GRANTED IN PART,** as to Topic 5. Consequently, the Court **ORDERS** the scope of Topic 5 shall be limited to:

> the factual basis, or lack thereof, for Defendant's decision to terminate Plaintiff 's employment, including the identity of those who made, ratified, and contributed to such decision, how and when such decision was made, how such decision was documented, if at all.

### E.    Topic 6

Topic 6 addresses:

> [t]he factual basis, or lack thereof, for any of Defendant's disciplinary actions against Plaintiff, including the identity of those who made, ratified, and contributed to such actions, how and when such actions were taken, how such actions were documented, if at all; and the location and substance of all related documentation, including hand written notes and electronically stored information ("ESI").

Amend. Notice ¶ 6.

For the reasons set forth in Topic 5, Defendant objects to Topic 6 insofar as it requests "the location and substance of all related documentation, including handwritten notes and electronically stored information." Mot. 9–10. Because the record does not demonstrate Plaintiff is entitled to meta-discovery, the Court sustains Defendant's objection and will limit the Topic accordingly.

Defendant's request to for a protective order is **GRANTED IN PART,** as to Topic 6. The Court therefore **ORDERS** the scope of Topic 6 shall be restricted to:

> the factual basis, or lack thereof, for Defendant's decision to terminate Plaintiff 's employment, including the identity of those who made, ratified, and contributed to such decision, how and when such decision was made, how such decision was documented, if at all.

### F.    Topic 7

Topic 7 states Plaintiff will seek testimony concerning:

11

[c]ommunications between Laura Moore, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Alfonso Jimenez about Plaintiff 's February, March, and September 2022 internal complaints, how and when such communications were made, how such communications were documented, if at all; and the location and substance of all documentation memorializing such communications, including handwritten notes and ESI.

Amend. Notice ¶ 7.

As to Topic 7, Defendant raises the following objections: (1) the Topic, as written, would include post-termination communications which "have no relevance to Carrizal's internal complaints"; (2) without a defined temporal scope, the Topic is overbroad; (3) inquiry into post-termination communications "would . . . implicate attorney-client privilege"; and (4) the Topic seeks irrelevant meta-discovery, insofar as it requests "the location and substance of all documentation memorializing such communications, including handwritten notes and ESI." Mot. 5–6, 9–10.

First, the Court does not find that post-termination communications are irrelevant. Topic 7 satisfies the broad relevance standard applicable at the discovery stage, as the requested communications could bear on Plaintiff's claims of sexual harassment, sex discrimination, and retaliation. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (citing *Sheldon v. Vermonty,* 204 F.R.D. 679, 689 (D. Kan. 2001)) (holding discovery request is relevant "[u]nless it is clear that the information sought can have no possible bearing on the claim or defense of a party"). And Defendants have not otherwise convinced the Court that decisionmakers' discussions concerning Plaintiff's harassment complaints lose relevance simply because they continued after her termination. *See Browning*, 2006 WL 8434146, at *2 (citing *Owens,* 649 at 655; *Beasley*, 2005 WL 1017818, at *1) (holding "discovery of information both before and after the liability period within an employment discrimination lawsuit may be relevant"). Accordingly, Plaintiff's first objection is overruled.

12

As to Defendant's second objection, the Court agrees that without a temporal scope, the Topic is overbroad. *See* discussion *supra* Section III(A). However, because conversations occurring after Plaintiff's termination may be relevant, the temporal limitations proposed by Defendant – from February 2022 through November 2022 – are too narrow. *See* Mot. 5. Instead, Topic 7 shall be limited to the period from February 2022 to November 2024 – beginning the month in which the first complaint was lodged and ending two years after Plaintiff's termination. *See Beasley*, 2005 WL 1017818, at *1 (citing *Raddatz v. Stand. Reg. Co.,* 177 F.R.D. 446, 448 (D. Minn. 1997); *Hicks v. Arthur,* 159 F.R.D. 468, 471 (E.D. Pa.1995)) (holding discovery request covering two-year period following plaintiff's termination was not overbroad); *see also EEOC v. Autozone, Inc.*, 258 F. Supp. 2d 822, 831–832 (W.D. Tenn. 2003) (collecting cases) ("Courts typically will permit discovery in employment discrimination cases to cover a reasonable number of years before and after the alleged discrimination.").

Next, a deponent may claim privilege only after it has appeared for the deposition and a question concerning privileged information has been asked. *See States v. Roundtree*, 420 F.2d 845, 852, 852 n.18 (5th Cir. 1969), *reh'g denied and opinion modified on other grounds*, (5th Cir. Apr. 20, 1970). Defendant's third objection is thus overruled as premature. To the extent any specific question posed during the deposition implicates privileged communications, defense counsel may assert an objection and instruct the deponent not to answer as necessary to preserve the privilege. *See* Fed. R. Civ. P. 30(c)(2) ("[a] person may instruct a deponent not to answer" deposition question "when necessary to preserve a privilege").

Lastly, for the reasons set forth in its discussion of Topic 5, the Court sustains Defendant's objection to Topic 7 insofar as it seeks meta-discovery concerning "the location and substance of all related documentation, including handwritten notes and electronically stored information" and

13

information concerning "how such communications were documented." *See* discussion *supra* at Section III(D).

Defendant's request to for a protective order is **GRANTED IN PART AS MODIFIED**, as to Topic 7. Thus, the Court **ORDERS** the scope of Topic 7 is limited to:

> communications ***which took place from February 2022 to November 2024,*** between Laura Moore, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Alfonso Jimenez about Plaintiff 's February, March, and September 2022 internal complaints, as well as information concerning how and when such communications were made, if at all.

**G.    Topic 8**

Topic 8 provides Plaintiff will seek testimony regarding:

> the monetary value (and market value, if known) of Plaintiff 's compensation and employee benefits during her employment with Defendant from October 2021 to November 2022. This includes medical insurance, dental insurance, workers' compensation insurance, 401(k) plan benefits, pension benefits, and any other benefits available to her during that period or that became (or would become) available to her upon completion of any probationary or waiting period. If Defendant expressed or understood the value of any such benefit as a percentage of salary or wages, the representative should testify to that percentage, if known.

Amend. Notice ¶ 8.

Defendant raises two objections to Topic 8. First, Defendant objects that information concerning the monetary value of Plaintiff's employee benefits is not "within [Defendant's] purview" because it "belongs to a separate state entity: Employees Retirement System of Texas" ("ERS"). Mot. 6. Second, Defendant argues that it cannot produce a witness to testify to the market value of Plaintiff's compensation and benefits because any such testimony would require an expert's opinion. *Id.* at 7.

Defendant asserts that information regarding Plaintiff's benefits originates from ERS, but does not clearly establish that it lacks knowledge of or reasonable access to that information. While this Court agrees with Defendant that the phrase "reasonably available" should not be read

14

so broadly as to obligate Defendant to acquire information concerning Plaintiff's benefits for the purposes of preparing for the deposition, *see* Reply 3–4; *Goodyear*, 348 F.R.D. 54, 74–75 (collecting authority), Defendant may not refuse to testify about information already within its control.  Accordingly, Plaintiff's first objection is overruled.  However, Defendant need not prepare the designee to testify as to information concerning Plaintiff's benefits information if such information is not known to Defendant and cannot be gleaned from Defendant's documents or past or present employees.  *See Brazos River Auth.*, 469 F.3d at 433.

Next, while certain requests for information concerning the market value of Plaintiff's compensation and benefits may edge into the realm of expert testimony, the Court construes Topic 8's inclusion of the phrase "if known" to mean that the designee need only be prepared to testify as to *Defendant's present knowledge* concerning the market value.  If Defendant does not know the market value, its designee may simply state that it is not known.  The designee is not required to seek out, or testify based on, any scientific, technical, or other specialized knowledge concerning the market value.  *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 266 (5th Cir. 2022) ("[e]ven with that latitude, a Rule 30(b)(6) witness does not have license, without more, to opine as an expert"); *FDIC v. Brudnicki*, No. 5:12-CV-00398-RS-GRJ, 2013 WL 5814494, at *3 (N.D. Fla. Oct. 29, 2013) (holding Rule 30(b)(6) witness was "not required to provide expert testimony but only facts reasonably available" to designating entity).  To the extent Defendant is asked a question requiring expert testimony, its counsel may object to form and move to strike or exclude such testimony in later phases of litigation.

Accordingly, the Court overrules both of Defendant's objections to Topic 8.  Defendant's request to for a protective order is thus **DENIED IN PART,** as to Topic 8.

**H.    Topic 9**

15

Topic 9 concerns:

> [t]he factual basis, or lack thereof, for Defendant's employee evaluations of Plaintiff, the employment decisions it then took, or did not take, as a result of such evaluations, including the identify of those who made, ratified and contributed to such decisions, how such decisions were made, how such decisions were documented, if at all, when such decisions were made, the location and substance of any and all documentation, including electronically stored information, concerning such decisions, if any, as well as the creation dates, modification dates and authorship of such documentation and electronically stored information.

Amend. Notice ¶ 9 (emphasis omitted).

For the reasons set forth in Topic 5, Defendant objects to Topic 9 insofar as it requests "the location and substance of all related documentation, including electronically stored information, concerning such decisions, if any, as well as the creation dates, modification dates and authorship of such documentation and electronically stored information." Mot. 9–10. Because the record does not demonstrate Plaintiff is entitled to meta-discovery, the Court sustains Plaintiff's objection and strikes such language. *See* discussion *supra* Section III(D).

Defendant's request to for a protective order is **GRANTED IN PART**, as to Topic 9. Accordingly, the Court **ORDERS** the scope of Topic 9 is limited to:

> the factual basis, or lack thereof, for Defendant's employee evaluations of Plaintiff, the employment decisions it then took, or did not take, as a result of such evaluations, including the identify of those who made, ratified and contributed to such decisions, how such decisions were made, how such decisions were documented, if at all, when such decisions were made and documented, if at all.

## I.    Topic 10

Topic 10 states Plaintiff will seek testimony about:

> [c]onversations that took place between February 2022 and November 2022 by and among persons investigating Plaintiff's February, March, and September 2022 internal complaints about those complaints.

Amend. Notice ¶ 10.

16

Defendant objects to Topic 10 as (1) "overbroad and vague," because it fails to specify the participants in the conversations sought with requisite specificity; (2) is "properly suited for fact witnesses"; and (3) is duplicative of Topic 7.  Mot. 5–6.

First, while topics covering information "from any source" have been held to lack the requisite particularity, *MC Trilogy*, 2024 WL 1641233, at *4 (quoting *Westley v. Outwest Express, LLC*, NO. 22-4037, 2023 WL 8934937, at *4 (E.D. La. Dec. 27, 2023)),  Topic 10 does not seek information regarding conversations from open-ended sources, but instead concerns conversations held among *persons investigating Plaintiff's specific internal complaints* during a defined time period, Amend. Notice ¶ 10.  Even where a topic does not name every individual who may have information, it may be considered appropriately limited if the deponent could reasonably ascertain which individuals are likely sources of relevant facts.  *Wings*, 2024 WL 3346280, at *3 (declining to further limit deposition topic concerning "identity and role of all persons engaged or involved in investigating the alleged loss of plaintiff, including public adjusters," because deponent-corporation "presumably kn[ew] the identity and role of those persons" involved in its internal investigation).  Having directed the investigation, Defendant is well-positioned to identify its investigators and the roles they each played in addressing Plaintiff's complaints.  Accordingly, Plaintiff's objection concerning particularity is overruled.

Plaintiff's next objection is similarly overruled.  The fact that individual fact witnesses could be or have been called upon to testify about these matters does not preclude Plaintiff from taking a Rule 30(b)(6) deposition.  *See* Fed. R. Civ. P. 30(b)(6) (providing Rule 30(b)(6) "does not preclude a deposition by any other procedure allowed by these rules").  Accordingly, the Court will not bar Plaintiff from seeking relevant information from the designee merely because similar information may be obtainable from other sources.

Finally, although Federal Rule of Civil Procedure 26(b)(2)(C) allows the Court to limit the unreasonably duplicative deposition topics, the Court does not find Topic 10 is entirely redundant. While Topic 7 seeks information concerning communications between six specifically named individuals, Topic 10 seeks conversations between a potentially broader group of investigators. To the extent individuals other than Laura Moore, Elena Trail, Vanessa Sterling, Vivian Lazcano, Andres Trujillo, and Alfonso Jimenez participated in investigating the complaints, the Topic may elicit relevant information which would not otherwise be covered by Topic 7.  However, Plaintiff is advised she may not repeat questions asked under Topic 7 when posing questions under Topic 10.  *See Rivas v. Greyhound Lines, Inc.*, No. EP-14-CV-166-DB, 2015 WL 13710122, at *7 (W.D. Tex. Nov. 19, 2015) (quoting *Francois v. Colonial Freight Sys., Inc.*, No. CIV A 3:06CV434 BA, 2007 WL 679998, at *2 (S.D. Miss. Mar. 2, 2007)) (holding "the same matter may appear in more than one topic so long as a deposing party understands that it cannot repeat the questions directed to an individual deponent").

Accordingly, each of Defendant's objections are overruled.  Defendant's request to for a protective order is **DENIED IN PART**, as to Topic 10.

**J.**     **Topic 11**

Topic 11 seeks testimony concerning:

[t]he factual basis for decisions made between October 2022 to November 2024 by Human Resources and those with executive authority at El Paso State Supported Living Center for the promotions, transfers, pay changes, leave approvals and denials, accommodations, investigations, terminations, layoffs, separations, and contract renewal and non-renewal of Plaintiff, other employees working as DSP I or Clerk I, including the identity of those who made, ratified and contributed to such decisions, how and when such decisions were made, how such decisions were documented, if at all; and the location and substance of all related documentation, including handwritten notes and electronically stored information.

Amend. Notice ¶ 11.  Defendant asks that the Court issue a protective order to limit the scope of the Topic, Mot. 7–10, and further requests that the Topic be quashed unless Plaintiff is required to identify comparators by name, *id.* at 9.

First, Defendant objects to Topic 11 insofar as it seeks the "location and substance of all related documentation, including handwritten notes and electronically stored information."  Mot. 9–10.  For the reasons set forth in Topic 5, Defendant's objection to the quoted language is sustained and the Topic shall be limited accordingly.  *See* discussion *supra* Section III(D).

As to the remaining objections, Defendant objects that Topic 11 is "overbroad, seeks irrelevant information, and is unduly burdensome" on several grounds.  Mot. 8–9.  In response, Plaintiff clarifies that the purpose of Topic 11 is to "seek[] testimony on potential comparator employees to determine if Plaintiff was subject to disparate treatment when Defendant terminated her."  Resp. 3.[2]

Defendant first argues the Topic extends beyond comparator information insofar as it involves "individuals working as a DSP 1 or Clerk 1 . . ., without limitation to the EPSSLC facility . . . , over a 2-year period,[3] with different supervisors, and the factual basis for virtually every employment decision ever made for such employees."  Mot. 8.  The Court agrees that to avoid irrelevance and overbreadth, discovery directed at identifying comparator employees should

---

[2]    To establish a prima facie case of sex discrimination based on disparate treatment, an employee must demonstrate, *inter alia*, that "she was treated less favorably than a similarly situated employee outside of her protected class in nearly identical circumstances."  *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997–98 (5th Cir. 2022) (citing *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009)).  Several factors are considered when determining whether another employee is similarly situated – and thus, a fair comparator – "including job responsibility, experience, and qualifications."  *Id.* at 998 (quoting *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018)).

[3]    To the extent Defendant objects to the temporal scope, the Court finds that the two-year period proposed by Plaintiff is proportional to the needs of this case. *See Hernandez v. Clearwater Transp., Ltd.*, No. 1:18-CV-319-RP, 2021 WL 148053, at *3 (W.D. Tex. Jan. 15, 2021) (citing *Hook v. Sullins and Assocs. L.P.*, 2009 WL 5142145 (N.D. Tex. 2009); *Wilson v. Martin Cnty. Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993)) (holding "[a] time period less than five years prior to [plaintiff's] alleged discrimination is relevant to her claims and not overbroad").

be confined to individuals within the plaintiff's employment unit – that is, employees working in similar positions, at the same facility, and under the same decisionmakers. *EEOC v. Packard Elec. Div., Gen. Motors Corp.*, 569 F.2d 315, 318 (5th Cir. 1978) (citing *Joslin Dry Goods v. EEOC*, 483 F.2d 178, 184 (10th Cir. 1973)) (holding it is "most natural to focus on that employing unit or work unit from which came the decision of which the individual complainant complains" when identifying comparators); *see also Lee,* 574 F.3d at 260–61 (holding proposed comparator can be employed under "nearly identical" circumstances where "the ultimate decisionmaker as to employees' continued employment is the same individual, even if the employees do not share an immediate supervisor"); *Glenn v. Williams*, 209 F.R.D. 279, 281–82 (D.D.C. 2002) (collecting cases) (holding "discovery in Title VII actions may appropriately be limited to employment units, departments, and sections in which there are employees who are similarly situated to the plaintiff"). Here, Topic 11 would encompass personnel decisions concerning approximately 115 individuals working at the DSP I and Clerk I level, employed across twelve facilities and supervised by different decisionmakers. *See* Mot. 8. Plaintiff does not attempt to argue, nor would the Court find, that each of these 115 employees falls within her employing unit. *See* Resp. Thus, to ensure the Topic does not unnecessarily extend to information concerning employees working under materially different conditions or supervisory structures, Topic 11 shall be limited to decisions concerning DSP I and Clerk I employees who worked at the same El Paso State Supported Living Center facilities as Plaintiff.

Next, Defendant argues the topic is overbroad because it is not limited to individuals who alleged discrimination or sexual harassment, made internal complaints, or were terminated for violating work rules. Mot. 8. However, restricting the inquiry to individuals who have alleged similar mistreatment would directly undermine Plaintiff's ability to identify coworkers who were

treated more favorably.   And, although a plaintiff and her comparators generally must have "essentially comparable violation histories," *Lee*, 574 F.3d at 260 (citing Okoye v. Univ. of Tex. Hou. Health Sci., 245 F.3d 507, 514 (5th Cir. 2001)), this requires that their work-related infractions are similar in number and severity, not that the same discipline was imposed, see *id.* at 261 (collecting cases); *McKey v. U.S. Bank Nat'l Ass'n*, No. 17-5058, 2018 WL 3344239, at *2 (D. Minn. July 9, 2018) (holding plaintiff "need not limit her request to those fellow employees who were on a PIP, as it would be relevant to show that younger employees who committed similarly serious infractions were never placed on PIP").[4]   To exclude inquiry into similarly situated employees simply because they were subject to different penalties would be wholly inconsistent with the purpose of comparator discovery.   Accordingly, the Court overrules this objection and declines to impose further limitations.   Defendant's request to for a protective order is **GRANTED IN PART AS MODIFIED**, as to Topic 11.

As for Defendant's request to quash Topic 11 in its entirety, Mot. 9, Plaintiff need not specifically identify comparators in order to avail herself of the discovery process.   Indeed, "the purpose of discovery is, in part, to help identify the universe of proper comparators." *Daywalker v. Univ. of Tex. Med. Branch at Galveston*, No. 3:20-CV-00099, 2021 WL 4099827, at *4 (S.D. Tex. Sept. 9, 2021), *aff'd sub nom.* No. 22-40813, 2024 WL 94297 (5th Cir. Jan. 19, 2024) (citing *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 657 (1989)); *Benner v. Saint Paul Pub. Schs., I.S.D. #625*, No. 017CV01568SRNKMM, 2018 WL 4846760, at *2 (D. Minn. Oct. 5, 2018)) ("Even if the District Court ultimately determines that these individuals are not valid comparators,

---

[4]      Although one could argue that the scope of Topic 11 could be further limited to exclude individuals who have not engaged in similar *violations*, no such objection was made. *See* Mot.  In any event, the Court is aware of only a single violation by Plaintiff – her unauthorized contact with patients. Amend. Compl. ¶ 35. Because Plaintiff contends that this misconduct was compelled as part of ongoing retaliation, *id at ¶¶ 35, 38*, the Court does not presently find that discovery should be limited only to individuals who have engaged in similar wrongdoing.  Should Defendant seek to narrow the pool of comparators, it may raise such arguments at a later stage in litigation.

that does not mean they are not discoverable."); *Benner*, 2018 WL 4846760, at *3 ("Fully adopting the rigorous summary-judgment standard for defining the field of valid comparators as the controlling test for determining the proper scope of discovery too narrowly circumscribes a plaintiff's ability to obtain evidence that may be needed to prove a case of an unlawful employment action"). Topic 11, as amended, is sufficiently limited to achieve these ends without overburdening Defendant. Accordingly, Plaintiff's request to quash Topic 11 is **DENIED**.

The Court therefore **ORDERS** that the scope of Topic 11 will be limited to:

the factual basis for decisions made between October 2022 to November 2024 by Human Resources and those with executive authority at El Paso State Supported Living Center for the promotions, transfers, pay changes, leave approvals and denials, accommodations, investigations, terminations, layoffs, separations, and contract renewal and non-renewal of Plaintiff, other employees working as DSP I or Clerk I, including the identity of those who made, ratified and contributed to such decisions, how and when such decisions were made, how such decisions were documented, if at all.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** Defendant's Motion to Quash and for Protective Order Limiting Plaintiff's Notice of 30(b)(6) Deposition, ECF. No. 57, is:

1. **GRANTED IN PART AS MODIFIED** and **DENIED IN PART**, as to Defendant's request for a protective order; and

2. **DENIED IN PART,** as to Defendant's request to quash Topic 11 in its entirety.

**SIGNED** this 8th day of July, 2026.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**